# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LEONARD GAVETTE,

    Plaintiff,                           Case No.
                                               Hon.

v.

CARTER LUMBER TRANSPORT, LLC,          Demand for Jury Trial
a Foreign Limited Liability Company,

    Defendants.
_____/

LAWRENCE R. ROTHSTEIN (P19697)
MICHAEL J. ROTHSTEIN (P70240)
Attorneys for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048
lrr@rothsteinlawgroup.com
mjr@rothsteinlawgroup.com
_____/

There is a 1st Party No-Fault civil action arising out of the same transaction or occurrence as alleged in this Complaint pending in Wayne County Circuit Court with the Hon. David J. Allen, Case. No. 16-010383-NF.

ROTHSTEIN LAW GROUP PLC

/s/Lawrence R. Rothstein
LAWRENCE R. ROTHSTEIN

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, LEONARD GAVETTE, by and through his

1

attorneys, ROTHSTEIN LAW GROUP PLC, and in support of his Complaint against the Defendant, shows unto this Honorable Court as follows:

## GENERAL ALLEGATIONS

1. Jurisdiction is conferred by 28 USC 1332.

2. That the Plaintiff is a resident of the City of Rochester Hills, and the State of Michigan.

3. That on or about August 24, 2015, Plaintiff was involved in a motor vehicle accident in the City of Auburn Hills, County of Oakland, State of Michigan.

4. That based upon information and belief, Defendant, CARTER LUMBER TRANSPORT, LLC, was, at all times relevant herein an Ohio Limited Liability Company with a business address of 601 Tallmadge Road, Kent, OH 44240.

5. That based upon information and belief, Defendant's resident agent is CSC – Lawyers Incorporating Service, 601 Abbot Road, East Lansing, MI 48823.

6. That based upon information and belief, MARK ALAN REEVES at all times relevant herein was the operator of a motor vehicle, identified as a 2010 Red International Truck bearing a Vehicle Identification No. 3HSCUAPR2AN174874 and Vehicle Registration No. PVZ7281 (hereinafter sometimes referred to as "Defendant's vehicle").

7. On or about August 24, 2015, Plaintiff was the operator of a motor vehicle, identified as a 1996 Gray Dodge bearing a Vehicle Identification No. 1B7GG23Y5TS548253 and Vehicle Registration No. 5358J9 (hereinafter sometimes referred to as "Plaintiff's vehicle") and was traveling westbound on M59 at or near the intersecting ramp 082-E in the City of Auburn Hills, County of Oakland, State of Michigan.

8. That at said time and place MARK ALAN REEVES was traveling westbound on M59 at or near the intersecting ramp 082-E in the City of Auburn Hills, County of Oakland, State of Michigan, when he failed to stop in the assured clear distance ahead and collided into Plaintiff's vehicle, causing a motor vehicle accident.

9. That at all times relevant and material hereto, it was the duty of MARK ALAN REEVES to operate his vehicle in a safe and reasonable manner and exercise such due care in such vehicle's operation as the rules of common law require and in accordance with the laws of the State of Michigan and all subdivisions thereof having jurisdiction.

10. That all time relevant herein, Defendant was the owner/co-owner and/or lessee/co-lessee of Defendant's vehicle.

11. That MARK ALAN REEVES breached and violated his duties regarding

3

operation of his vehicle by committing the following acts and omissions, by way of illustration and not limitations:

    a. Failing to operate Defendant's vehicle in a reasonably careful and prudent manner, and failing to keep Defendant's vehicle under control so as to avoid a collision with another vehicle;

    b. Failing to operate Defendant's vehicle at a speed which was reasonable and proper and within consideration for the then-existing conditions;

    c. Operating a vehicle at an excessive speed in violation of statutes and ordinances having jurisdiction;

    d. Driving Defendant's vehicle carelessly and heedlessly in willful disregard for the safety of others, without due caution and circumspection, so as to endanger persons and property;

    e. Failing to make reasonable and proper observations and draw reasonable and proper conclusions which were necessary at the time so as to avoid a motor vehicle collision;

    f. Operating a motor vehicle while distracted;

    g. Failing to stop in the assured clear distance ahead;

4

    h. Committing other acts and/or omissions which constitute breaches of duties owed to Plaintiff with respect to the operation of a motor vehicle, which Plaintiff reserves the right to add at a later date.

12. That in the happening of the aforesaid accident, Plaintiff was not negligent, but was at all times conducting himself in a reasonable and prudent manner.

13. That as a direct and proximate result of the aforementioned breaches of duties and the negligence of Mark Alan Reeves, the driver of Defendant's vehicle caused a motor vehicle collision of great force and impact, causing Plaintiff to suffer severe, serious, painful, permanent, and disabling injuries, and causing the Plaintiff to suffer serious impairments of important body function(s) and/or permanent and serious disfigurements.

14. That as a direct and proximate result of the aforementioned negligence and breaches of duties of the Defendant, Plaintiff, LEONARD GAVETTE, was made to suffer serious and disabling injuries; including but not limited to injuries to his head, back, ribs, and neck, as well as other serious and disabling injuries including possible aggravation of pre-existing conditions, the complete nature and extent of which is not completely known at this time.

15. That as a direct result of the aforementioned collision, Plaintiff

suffered, continues to suffer, and will likely continue to suffer great pain, discomfort, embarrassment, humiliation, mental anguish, depression, gross anxiety, indignity, and inconvenience.

16. That prior to the accident, Plaintiff, in despite of certain pre-existing conditions, was able to and did participate in and enjoy many of the usual activities of life, but since said accident, Plaintiff has been under medical care and in a state of pain, stress and discomfort, all preventing him from engaging in many of those activities he engaged in prior to the accident.

17. That as a direct and proximate result of the motor vehicle accident and the injuries Plaintiff sustained therein, Plaintiff has and continues to incur excess economic damages.

18. That as a direct and proximate result of the motor vehicle accident and the injuries Plaintiff sustained therein, Plaintiff has sought and obtained continued medical treatment and attention and will likely require extensive medical treatment in the future.

19. That the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney fees.

## COUNT I - OWNER'S LIABILITY

20. Plaintiff herein re-incorporates and re-alleges Paragraphs 1 through 19

of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

21. That at all times relevant hereto, the vehicle being driven by MARK ALAN REEVES was owned/co-owned and/or leased/co-leased by Defendant.

22. That at all times relevant hereto, the aforesaid vehicle was being operated with the express and/or implied consent and knowledge of Defendant.

23. That Defendant is responsible for all damages sustained by the Plaintiff in this matter as hereinbefore or hereinafter alleged which were caused as a result of the negligent operation of the said motor vehicle by MARK ALAN REEVES, pursuant to MCLA 257.401 et. seq., as amended, and other applicable statutes and the common law of the State of Michigan governing owner's liability for the negligent operation of motor vehicles.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in favor of the Plaintiff against Defendant, for whatever amount Plaintiff is found to be entitled, together with interest, costs, and attorney fees.

## COUNT II - NEGLIGENT ENTRUSTMENT

24. Plaintiff herein re-incorporate by reference and re-alleges paragraphs 1 through 23 of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

25. That on or about August 24, 2015, Defendant entrusted said vehicle, a potentially dangerous instrumentality, to MARK ALAN REEVES whom Defendant, based upon information and belief, knew or should have known MARK ALAN REEVES was not a reasonably prudent driver and who may endanger others with said instrumentality.

26. That Defendant is liable for any and all damages caused by the negligence of MARK ALAN REEVES with respect to the operation of said vehicle.

WHEREFORE, Plaintiff respectfully request that this Honorable Court grant judgment in favor of the Plaintiff against the Defendant, for whatever amount Plaintiff is found to be entitled, together with interest, costs, and attorney fees.

## COUNT III - RESPONDEAT SUPERIOR

27. Plaintiff herein re-incorporates and re-alleges paragraphs 1 through 26 of the previous Allegations with the same force and effect as if same were set forth in full hereunder, and further states:

28. That on or about August 24, 2015, Defendant was the owner/co-owner and/or lessee/co-lessee, of said vehicle, operated by MARK ALAN REEVES.

29. That on or about August 24, 2015, MARK ALAN REEVES was an employee, servant, and/or agent of Defendant.

30. That on or about August 24, 2015, and at the time of the aforesaid motor vehicle accident MARK ALAN REEVES was operating said motor vehicle with the express and/or implied consent of Defendant.

31. That on or about August 24, 2015, Defendant knew or should have known that MARK ALAN REEVES was operating said motor vehicle.

32. That on or about August 24, 2015, and at the time of the aforesaid motor vehicle accident, MARK ALAN REEVES was operating said motor vehicle during the course of his employment for Defendant and during the course of his regular duties for Defendant.

33. That Defendant is liable for the injuries and damages sustained by Plaintiff as a result of the negligence of MARK ALAN REEVES its servant, employee, and/or agent, pursuant to the Doctrine of Respondeat Superior.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in favor of the Plaintiff and against the Defendant for whatever amount Plaintiff is found to be entitled, together with interest, costs, and attorney fees.

ROTHSTEIN LAW GROUP PLC

/s/ Lawrence R. Rothstein
LAWRENCE R. ROTHSTEIN (P19697)
Attorney for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075-2401
Dated: October 10, 2015    (248) 355-2048

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD GAVETTE,

    Plaintiff,                                          Case No.
                                                Hon.
v.

CARTER LUMBER TRANSPORT, LLC,
a Foreign Limited Liability Company,

    Defendants.
_____/

LAWRENCE R. ROTHSTEIN (P19697)
MICHAEL J. ROTHSTEIN (P70240)
Attorneys for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048
lrr@rothsteinlawgroup.com
mjr@rothsteinlawgroup.com
_____/

## DEMAND FOR JURY TRIAL

    NOW COMES the Plaintiff herein, by and through his attorneys, ROTHSTEIN LAW GROUP PLC, and hereby demands a trial by jury as to any and all issues so triable in the captioned matter.

                                        ROTHSTEIN LAW GROUP PLC
                                        /s/ Lawrence R. Rothstein
                                        LAWRENCE R. ROTHSTEIN (P19697)
                                        Attorney for Plaintiff
                                        19068 W. Ten Mile Road
                                        Southfield, MI 48075-2401
Dated: October 10, 2015            (248) 355-2048